Abram M. De Witt, Appellant, v. The Elmira Nobles Manufacturing Company, Respondent.

.One owning an undivided interest in letters patent cannot maintain an action in a State court to recover compensation for its use to the extent of his interest from one using it without his permission.  The cause of action does not arise upon contract, but is simply the infringement of a patent right, and so arises under the patent laws of the United States; the United States courts, therefore, have exclusive jurisdiction (Allen, J.; Church, Ch. J., and Earl, J., concurring).
*It seems,* that the license of one of two or more owners in common of letters patent confers a right as against all, and the remedy of the other tenants in common is by action for an account for whatever may have been received by the licensor.
So, also, one of two or more tenants in common has the right to use the invention without the consent of the others, and is not liable to account to them for the profits made by such use.
*Pitts* v. *Hall* (3 Blatchf. C. C. R., 201) distinguished.

(Argued June 15, 1876; decided June 20, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order affirming an order of Special Term sustaining a demurrer to plaintiff's complaint.  (Reported below, 5 Hun, 301.)

The complaint in this action alleged, in substance, that in August, 1871, letters patent were duly issued to Richard N. Watrous and W. W. Kellogg for an alleged new and useful improvement in the construction of dies for forming the lips of auger and auger bits; that in September, 1871, said Kellogg duly assigned his interest in such letters patent to one George Worrall, who owned the same until in October, 1874, when he assigned all his interest therein to the plaintiff herein; that at or about the time of the granting of said letters patent said Watrous made and had some arrangement and agreement with the defendants whereby they were, so far as the said Watrous was and is concerned, to have the right to use said improvement in the manufacture of augers, and that the defendants have used the same in their business since about the time of

the transfer by Kellogg to Worrall, and still continued to use the same and have derived benefits from the use of the same; that said arrangement and agreement between said Watrous and the defendants had reference only to the rights and interests of said Watrous; that before the commencement of this action the plaintiff requested the defendants to account to him for the use of said improvement, and pay over whatever sum was due to the plaintiff by reason of the use thereof as aforesaid, "as tenant in common of said improvement and letters," which the defendants refused to do, and as relief asks that the defendants pay to the plaintiff one-half of the value of the use of such improvement and for an accounting.

The defendant demurred upon two grounds: First. That the complaint did not state facts sufficient to constitute a cause of action. Second. That the court had no jurisdiction of the subject of the action.

*E. P. Hart* for the appellant. The rule that one tenant in common cannot sue his co-tenant for the sole use of the common property in the absence of some agreement does not apply and cannot be invoked by defendant. (14 Mass., 149; 18 Barb., 265.) The rule that one tenant in common of land using the whole is not liable to his co-tenants for the rents and profits received does not apply to patented rights owned by different parties. (*Sargent* v. *Parsons*, 12 Mass., 153; *Pitts* v. *Hall*, 3 Blatch., 201–206; *Mathers* v. *Green*, 34 Beav., 170.)

*S. Dexter* for the respondent. Plaintiff and defendant were not partners in the ownership of the letters patent or in any of the rights secured thereby. (Curtis on Patents [4th ed.], 209, 210; *Parkhurst* v. *Kinsman*, 2 Blatch., 72; *Clum* v. *Brewer*, 2 Curt. C. R., 506, 524.) One tenant in common of real estate cannot be called to account for benefits derived from the use of the common property if he has not excluded his co-tenant therefrom. (*Woolever* v. *Knapp*, 18 Barb., 265; *Dresser* v. *Dresser*, 40 id., 300; *Wilcox* v. *Wilcox*, 48 id., 327; Story on Part., § 89.) This rule applies to patents. (Curtis

on Patents [4th ed.], 210, 214.) This action can only be maintained in a United States court. (*Dudley* v. *Mayhew,* 3 N. Y., 9; *Hovey* v. *Rub. Tip Pencil Co.,* 57 id., 119; U. S. R. S., § 711, p. 135.)

Allen, J. The plaintiff does not claim to recover of the defendant for the use of the patent-right and the patented invention, referred to in the complaint, by virtue of any contract, expressed or implied, or any agreement by the defendant to pay the plaintiff any compensation or royalty for the right to use the same. In substance, the allegations of the complaint are of a use of the patented invention by the defendant without the consent of, or any license or permission by, the plaintiff. The arrangement and agreement between Watrous, the owner of the patent in common with the plaintiff, and the defendant, is not set out in the complaint, or its terms disclosed. It does not appear from any allegation, and was not claimed by the counsel for the appellant, that the latter is entitled to compensation from the defendant by the terms of that arrangement and agreement. No claim is asserted under it. The plaintiff's claim rests wholly upon the rights conferred by law upon him as an owner of an undivided interest in the patent, to recover compensation for its use to the extent of his interest, from one using it without his permission.

The action thus stated is simply an action for an infringement of the patent and for damages, the plaintiff waiving the tort and seeking for an accounting and to recover as upon a *quantum meruit.* Whatever may be his legal rights, they are not varied by a change in the form of action, and do not depend upon contract, but arise under the patent-right laws of the United States, of which the United States courts have exclusive jurisdiction. (R. S. U. S., § 711; *Hovey* v. *Rubber Tip Pencil Co.,* 57 N. Y., 119; *Dudley* v. *Mayhew,* 3 id., 9.) The first cause of demurrer, to wit, that the court has no jurisdiction of the subject of the action, is well assigned, and entitles the defendant to an affirmance of the judgment.

But, if we pass that question, the demurrer was properly

sustained by the court below for the reason that the complaint does not state facts sufficient to constitute a cause of action. The allegations of the complaint as to the arrangement and agreement between Watrous and the defendant are consistent with the fact that Watrous merely stipulated and agreed that he would claim no damages in respect to his share and inter-est in the patent, for an infringement thereof in the use of the patented invention by the defendant. This would leave the defendant liable in damages, for a violation of the rights of the patentees, with an estoppel or stipulation operative against one of the owners, effectual to defeat a recovery by him in respect to his share and proportion. Or, consistently with the averments in the complaint, the arrangement and agreement of Watrous may have been a license and permis-sion by him for a use of the invention by the defendant. If such was the effect of the arrangement, the license of one or more of several owners in common of letters patent confers a right as against all; and the remedy of the other tenants in common is by action for an account for whatever may have been received by them. Judge Curtis lays down the propo-sition in these words: "One tenant in common has a good right to use, and to license third persons to use the thing pat-ented as the other tenant in common has. Neither can come into a court of equity and assert a superior equity unless it has been created by some contract modifying the rights which belong to them as tenants in common. (*Clum* v. *Brewer*, 2 Curt. C. C. Rep., 506.) If, as may be claimed, the arrange-ment and agreement of the defendant with Watrous was a general or a limited assignment, an assignment for a special purpose, and to a limited extent, of his interest in the patent right, then, by such assignment it may be claimed that the defendant became a joint owner with the plaintiff in the invention, or thing patented, either generally or to a limited extent, or a particular territory, and had a right to use it without the consent of the plaintiff, and is not liable to account to him for the profits made by said use. (*Mathers* v. *Greene*, L. R., 1 Ch. Ap., 29.) The question in *Pitt* v. *Hall*

(3 Blatch. C. C. Rep., 201) arose upon a special agreement between the parties, and its construction and effect; and the decision does not affect the case in hand.  I incline to the opinion that the plaintiff has not, by his complaint, made a cause of action entitling him to relief in any court; but I prefer to rest the judgment on a want of jurisdiction, in the State courts, over the subject-matter of the action.  State courts will entertain jurisdiction of actions upon contract and other actions in which patent rights come in question collaterally.  (*Middlebrook* v. *Broadbent*, 47 N. Y., 443 ; *Beebe* v. *McKenzie*, id., 662.)  But here the action is directly for a violation of rights conferred by the patent laws of the United States, and depends entirely upon the effect to be given to those laws and the relation established by them between tenants in common of patents, and the resulting legal rights of joint owners of patents between themselves and between one or more of several owners in common and third persons, and does directly arise "under the patent-right laws."  These laws, and not the convention and agreement of the parties, are the foundation of the action.  The defendant has not, by his acts or by any agreement with the plaintiff, recognized the validity of the patent or of any title of the plaintiff thereto, and is not estopped from contesting both.

For the reason last stated, the judgment must be affirmed.

All concur, except MILLER, J., not voting; RAPALLO, J., concurring, on ground of insufficiency of complaint; FOLGER and ANDREWS, JJ., absent.

Judgment affirmed.