Daniels, J.
The injunction was issued upon an affidavit setting forth the facts upon which the plaintiff relies to support its right of action. They were reasonably well authenticated, and upon the affidavit the court was authorized to issue the injunction by subdivision 1 of section 604 of the Code of Civil Procedure. That the injunction may be issued upon affidavit without complaint, is not only provided for by this subdivision, but that intent has been made still more clear by *498 section 628 of the Code, providing that an application to discharge it may be made, after the service of the complaint itself, when it may fail to set forth a cause of action appearing to entitle the plaintiff to the order.
The subject of the controversy in the action was seven patents issued for improvements relating to the cash car system» -in use in stores, issued to Hilton Clark. The plaintiff claimed to have acquired the title to these patents, and a like claim -was made to them under the same invention on behalf of the ■ defendants, the New York Store Service Company having ■ claimed finally to have acquired the superior title to these patents. As the affidavits were presented the title to the patents is the controverted fact upon which the disposition of the litigation will probably be required to depend, and as it was ■deemed to be too uncertainly presented to be disposed of on .the affidavits, the court considered it to be its duty to order a .reference upon which the evidence could be orally produced before the referee affecting the rights of the parties. This reference was authorized by section 1015 of the Code of Civil Procedure. It was such a question of fact, and so important -.in its character, as could satisfactorily be determined in no ■other way.
The injunction itself, so far as it restrained the defendants “from putting up or in use, implements, machines, contrivanees, inventions, appliances, or any of them, pertaining to said patents and systems in any way whatsoever,” was made without authority. Its object was to prevent an infringement of the patented invention by the defendants, and that the state ■courts have no authority to do (De Witt agt. Elmira, &c., Co., 66 N. Y., 459). The courts of the United States have been ■invested with exclusive jurisdiction over that subject, and it ■cannot be exercised by the courts of the states.
So much of the injunction order as provides for this restraint should be vacated, and, as so modified, the orders should be ¡affirmed, with costs to abidé the event of the motion.
Davis, P. J., concurred.