THE CONTINENTAL STORE SERVICE COMPANY, Appellant, *v.* CURTIS CLARK et al., Respondents.

While a State court has jurisdiction to decide questions as to the title to letters-patent granted by the Federal government, or of an action on a contract, although such action involves the validity of a patent, it has no authority to restrain a party from using the patent *pendente lite*, or in any way to pass upon a question as to an infringement of the patent right; as to this, the Federal courts have exclusive jurisdiction.

*Hartell* v. *Tilghman* (99 U. S. 547), distinguished.

(Argued June 18, 1885 ; decided November 24, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 27, 1885, which modified, and affirmed as modified, an order of Special Term.

The particulars in which the order was modified, and the material facts pertinent thereto, are stated in the opinion.

*John Murray Mitchell* for appellant. This action is one based on contract and is exclusively within the jurisdiction of the State courts, the parties being residents of the State. (*Middlebrook* v. *Broadbent*, 47 N. Y. 444; *Meserole* v. *Libby*, 6 Blatchf. 356; *Rich* v. *Atwater*, 16 Conn. 409 ; *Keith* v. *Hobbs*, 69 Mo. 84.) Where a suit is brought on a contract of which a patent is the subject-matter, the case arises on or out of the contract, and not under the patent laws. (*Hartel* v. *Tilghman*, 99 U. S. 547.) And where, as in the case at bar, on the question arising between citizens of the same State, the contract is not one provided for by act of Congress, the United States courts have no jurisdiction over a dispute arising out of it. (Curtis' Law of Patents [4th ed.], 655 ; *Goodyear* v. *Day*, 1 Blatchf. 565 ; *Blanchard* v. *Sprague*, 1 Cliff. 288 ; *Wilson* v. *Sandford*, 10 How. [U. S.] 99 ; *Goodyear* v. *Day*, 1 Blatchf. 565 ; *Hill* v. *Whitcomb*, 1 Holmes, 317 ; *Teas* v. *Albright*, 13 Fed. 413 ; *Burr* v. *Gregory*, 2 Paine, 426 ; *Meserole* v. *Libby*, 6 Blatchf. 356.) If a Federal court obtains jurisdiction

by reason of an infringement of a patent it may then inquire into the question of title or of contract between citizens of the same State, which could not come before it directly. (*Bloomer* v. *Gilpin*, 4 Fish. 50.) In like manner a State court, having obtained jurisdiction by reason of contract, can determine other matters incidental to that question even as to the validity of the patents and the protection of the property rights covered by said contract. (*Sherman* v. *Champlain Co.*, 31 Vt. 162; *McKenzie* v. *Bailie*, 4 C. L. B. 289; *Rich* v. *Atwater*, 16 Conn. 409; *Billing* v. *Ames*, 32 Mo. 265; *Meserole* v. *Libby*, 6 Blatchf. 356.) It is questionable whether the Federal courts will sustain an action for infringement unless the complainant has the legal right or title. (*Orr* v. *Merrill*, 1 Woodb. & M. 376; *Gaylor* v. *Wilder*, 10 How. 477; *North* v. *Kershaw*, 4 Blatchf. 70.) The appellant here has an equitable right to these patents and may seek the protection of the court by injunction until it has obtained the legal title. (*Parsons* v. *Barnard*, 7 Johns. 144; *Burrall* v. *Jewett*, 2 Paige, 144; *Dudley* v. *Mahay*, 3 N. Y. 2; *Hovey* v. *Rubber Co.*, 57 id. 125; *Dewitt* v. *Elmira*, 66 id. 459; *Gibson* v. *Woodworth*, 8 Paige, 132; *Tomlinson* v. *Battel*, 4 Abb. Pr. 266.)

*Samuel W. Wiess* for respondents. Any and all patent rights originate from and are wholly based on the Federal Constitution and the laws of the United States. (*Dudley* v. *Mayhew*, 3 N. Y. 9.) The Revised Statutes of the United States vest in the courts of the United States jurisdiction of all cases and proceedings arising under its patent right laws, exclusive of the courts of the several States. (U. S. R. S., § 711, subd. 5; id., §§ 4919, 4921.) The courts of this State have no jurisdiction either of an action to restrain the infringement of patent rights, or to restrain an injury to a right created by and under the patent laws of the United States. (*Dudley* v. *Mayhew*, 3 N. Y. 9; *Dewitt* v. *Elmira N. Mfg. Co.*, 66 id. 459; *Parsons* v. *Barnard*, 7 Johns. 114; *Potter* v. *McPherson*, 21 Hun, 562.) It makes no difference what form the action assumes, if its object is to secure protection

against infringement of patent rights, the State court must decline to exercise any power or jurisdiction. (*Dewitt* v. *Elmira N. Mfg. Co.*, 66 N. Y. 459.) The exclusion, by the Federal statute, of the courts of the States from redressing trespasses to patent rights has deprived them of jurisdiction over the subject-matter of such trespasses. (*Hunt* v. *Hunt*, 72 N. Y. 228.) Courts of this State are not ousted of jurisdiction of causes which are properly cognizable by them, because patent rights enter into them collaterally. (*Middlebrook* v. *Broadbent*, 47 N. Y. 443; *Brown* v. *Sherman*, 20 How. [U. S.] 55). The relief which a court of equity can give is only co-extensive with its jurisdiction of the subject-matter. (*Kershaw* v. *Thompson*, 4 Johns. Ch. 610.) A temporary injunction cannot be granted except in cases provided by the Code. (Code of Civ. Pro., §§ 602, 603, 604; *Erie Ry. Co.* v. *Ramsay*, 45 N. Y. 465; *Fellows* v. *Hermans*, 13 Abb. [N. S.] 1; *McHenry* v. *Jewett*, 90 N. Y. 58.)

MILLER, J. This action was brought to compel the specific performance of a written agreement, under seal, and to remove a cloud on the title of the plaintiff to certain property manufactured by the plaintiff by virtue of the written agreement before named, and as assignee of the same and of certain patents therein mentioned, and to prevent respondents from using the patents *pendente lite.*

The patents in question relate to the cash car system, in use in stores, issued to Milton Clark. The plaintiff claimed to have acquired the title to these patents by virtue of an assignment thereof, and the same claim was made on behalf of the defendants, The New York Store Service Company insisting that they had acquired a superior title.

A preliminary injunction was granted, and on the return day of the order to show cause and on the hearing of the motion, an order was made making the preliminary injunction permanent until the termination of the action. An appeal was taken to the General Term, which modified the order so far as it restrained the defendants from putting up or in use implements,

machines, etc., or any of them, under said patents and systems, on the ground that it was made without authority. The decision of the General Term is claimed to be erroneous, on the ground that the action is based on contract and is exclusively within the jurisdiction of the State courts, the parties being residents of this State. It is no doubt true, and numerous authorities hold that the State courts have jurisdiction of an action on contract although such action involves the validity of a patent. (*Middlebrook* v. *Broadbent*, 47 N. Y. 444; *Messerole* v. *Libby*, 6 Blatchf. 356; *Rich* v. *Hotchkss*, 16 Conn. 409.)

It is very apparent that cases may arise upon contracts relating to patents and their validity, which are especially within the power and jurisdiction of the State courts, but it by no means follows necessarily that this jurisdiction confers upon the State courts the right to adjudicate and determine questions arising as to infringements made upon rights and privileges which are secured by patents issued by the government. The interpretation of the contract, the effect to be given to its various parts, and even the right to the patent, may well be the subject of consideration within the courts of the State, while any interference beyond this is in contravention of the general rule that in such an action the jurisdiction rests exclusively within the courts of the United States. In the case now considered the facts which would have been disclosed upon the trial would have authorized the court to determine as to the title of the parties claiming the patents, and to adjudicate in reference to any violation of the contract which affected their interest, except so far as it might interfere with the infringement of the patents and the interests conferred by the same upon the patentee and his assignee.

It cannot be said, we think, where a suit is brought upon a contract relating to a patent, where it is sought to prevent an infringement upon the rights of the patentee, that the case presented arises exclusively under a contract and not under the patent laws. It may arise under a contract so far as an interpretation of the same is required and demanded, but where it

is sought in addition to prevent an infringement of the patent and by injunction to restrain the defendant from an invasion of the plaintiff's rights in the use of the patent, it cannot be claimed that it does not arise under the patent laws, and that, by seeking relief against an infringement upon the rights of a patentee, there is no interference with the jurisdiction conferred upon the courts of the United States in such a case. The appellant relies in this connection upon *Hartell* v. *Tilghman* (99 U. S. 547). That case arose under a contract in reference to the use of an invention of the plaintiff, and it was claimed that the defendants refused to do certain things which, it was charged, were a part of the contract. The defendants admitted the use of the patent and a liability for the use of the same and a tender of all that was due to the plaintiff under the contract and their readiness to perform the same. The court held that there was no question in the case arising under the patent laws of the United States or involving a consideration thereof ; that there was no denial of the validity of the plaintiff's patent except as he had parted with that right by contract and that such a case was not cognizable in the courts of the United States by reason of the subject-matter. It was said in the opinion by MILLER, J., that if the contract was to be rescinded it could only be done by a mutual agreement or by a decree of a court of justice. If one party disregards it, it can be specifically enforced against him, or damages can be recovered for its violation. There was no question of infringement in the case, and hence it is not applicable to the point presented here.

We have examined the other cases cited by the appellant in support of the position that the State court has jurisdiction in the case considered, and we do not find that any of them sustain that view where a question as to the infringement of a patent is involved. The Federal courts have exclusive jurisdiction, under the Constitution and laws of the United States, in cases of any infringement of the rights granted by a patent issued by the authority of the government, and where such rights are

conferred by law and a remedy is provided as to the *forum* where the same may be enforced, the party must be restricted to the remedy and the *forum* provided. The decisions of the courts of this State are quite uniform in holding that they have no jurisdiction in an action to prevent an infringement upon a patent right or to restrain the violation of a right conferred by authority of the patent laws of the United States. (*De Witt* v. *Elmira Nobles Mfg. Co.*, 66 N. Y. 459 ; *Hovey* v. *Rubber Tip Pencil Co.*, 57 id. 119 ; *Dudley* v. *Mayhew*, 3 id. 9 ; *Parsons* v. *Barnard*, 7 Johns. 143 ; *Livingston* v. *Van Ingen*, 9 id. 582.)

In *De Witt* v. *Elmira, etc., Co.* (*supra*) it was held that one owning an undivided interest in letters-patent cannot maintain an action in a State court to recover compensation for the use of the patent to the extent of his interest from one using it without his permission. The cause of action does not arise upon contract, but is simply the infringement of a patent right, and so arises under the patent laws of the United States; the United States courts, therefore, have exclusive jurisdiction.

It is insisted by the appellant that that case is distinguishable from the one at bar, as the claim was not on contract as is the case here, but was for the recovery of money damages and not for an injunction *pendente lite*, and was an action for infringement. It is true there is a distinction existing between these cases, but the rule laid down is applicable here so far as it relates to the plaintiff's claim in reference to an infringement of his rights as the owner of the patents, and it is not held that this rule does not apply where an action is brought involving the rights of the parties under a contract and where a question arises as to an infringement of a patent. The courts of this State have an undoubted right to adjudicate upon questions arising in reference to the title to letters-patent as well as other questions as to the rights of parties which do not come within the provisions of law relating to patent rights. In such cases the right secured by the patent is collateral to the main purpose and object of the action, and when this is the case the State courts have jurisdiction to determine the controversy

(*Middlebrook* v. *Broadbent,* 47 N. Y. 443), and while they have authority to this extent they cannot acquire jurisdiction beyond this. Here is the dividing line and a State court cannot grant relief beyond its jurisdiction as an incident to other relief which is within its power. It may determine what the contract is and in whom the title to the patent is vested, but it has no right to say that a party shall be enjoined from using the patent, or in any way to pass upon any question arising as to its infringement. In view of the authorities cited and the rule applicable to such a case we think it is clear that where a State court has obtained jurisdiction, by reason of the contract, it has no authority to determine matters which relate to an infringement of a patent.

Nor can it be claimed, we think, that there was no question of infringement in the case presented. Although both the parties claimed the right to manufacture the same article under the same patents, and to own the patents, yet it is very plain that the party who was not the owner, who sought to enjoy and reap the benefits of the patents by the manufacture and sale of the same, was infringing upon the rights of the one who possessed the actual title.

An action for an infringement lies in favor of the owner of a patent against any one who claims to manufacture, use or enjoy the same in opposition to his rights, and it makes no difference whether the defendant violates the rights of the plaintiff on the ground that the patents are invalid, or that the plaintiff is not or that he is the owner of the same.

After a careful examination of the question discussed we are brought to the conclusion that no error was committed by the General Term in modifying the order of the Special Term.

The order appealed from should be affirmed.

RUGER, Ch. J., EARL and FINCH, JJ., concur; ANDREWS, RAPALLO and DANFORTH, JJ., dissent.

Order affirmed.