HAT SWEAT MANUFACTURING COMPANY, Respondent, *v.* WILLIAM H. REINOEHL et al., Appellants.

|102 167|
|127 132|

|102 167|
|130 308|

In an action by the owner of a patent right against a licensee, for a breach of a contract to pay royalties, a State court has no jurisdiction to restrain the defendant *pendente lite* from manufacturing or selling the patented article; this is within the exclusive jurisdiction of the Federal courts.

(Argued March 16, 1886; decided April 13, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made February 3, 1886, which affirmed an order of Special Term, the nature of which and of the action as well as the material facts are stated in the opinion.

*George Wilcox* for appellants.   The injunction in this case was improperly allowed for the reason that it does not appear

from the complaint that the plaintiff is entitled to final relief by injunction, and in such case a temporary injunction is unauthorized. (*McHenry* v. *Jewett*, 90 N. Y. 58.) Plaintiff is not entitled to an injunction on the ground of equitable accounting. (*Porter* v. *Spencer*, 2 Johns. Ch. 169; *Smart* v. *Einstein*, 35 How. Pr. 241.) A state court has no jurisdiction to restrain infringement of patents. (*Hovey* v. *Rubber Tip Pencil Co.*, 57 N. Y. 119; *Continental Store Service Co.* v. *Clark*, 3 East, 100.) There is no irreparable injury. (1 High, 34; *McHenry* v. *Jewett*, 90 N. Y. 58.) The defense of fraud is valid. (*Saxton* v. *Dodge*, 57 Barb. 84, 112, 114; *Middlebrook* v. *Broadbent*, 47 N. Y. 443; *Marston* v. *Swett*, 66 id. 306; 82 id. 534; *Cross* v. *Huntley*, 13 Wend. 385; *Head* v. *Stevens*, 19 id. 411: *Stemner's Appeal*, 58 Penn. St. 154.)

*Edward S. Rapallo*, for respondent. The appeal should be dismissed because it does not appear upon the face of the complaint that the case is one where by settled adjudication the plaintiff upon the facts stated is not entitled to final relief. (*Hatch* v. *Western Union Telegraph Co.*, 93 N. Y. 640; *Foster* v. *Buffalo*, 92 id. 629; *Selchow* v. *Baker*, 93 id. 59; *People et al.* v. *Schoonmaker*, 50 id. 500; *Rae* v. *Mayor*, 62 id. 631; *Patten* v. *N. Y. Elevated R. R.*, 67 id. 484; *Brown* v. *Keeney*, 59 id. 242; *Calkin* v. *Manhattan Oil Co.*, 65 id. 557; *Young* v. *Campbell*, 75 id. 525.) The plaintiff is entitled to a final judgment against the defendants, restraining the use, by them, of the machines and inventions covered by the patent, and from selling products containing such inventions, until and unless they pay to the plaintiff the royalties agreed to be paid by the contract. (*Hyatt* v. *Ingalls*, 17 J. & S. 375; *Union Mfg. Co.* v. *Lounsbury*, 41 N. Y. 372; *Brooks* v. *Stolley*, 3 McLean, 523, 529; *Day* v. *Hartshorn*, 3 Fisher's Pat. Cas. 32, 42; *Goodyear* v. *Congress Rubber Co.*, 3 Bl. C. C. 445, 449; *Gibson* v. *Weld*, 1 Blatchf. 165, 166; *Hartell* v. *Tilgham*, 99 U. S. 547; *Adams* v. *Meyrose*, 2 McCr. 360.) The plaintiff is entitled to an injunction order *pendente lite* to restrain the use, by the defendants, of the machines and inven-

tions covered by the patents, and from selling products containing such inventions, until and unless they pay to plaintiff the royalties agreed to be paid by the contract. (Code, § 603; *McHenry* v. *Jewett*, 90 N. Y. 63; *Singer Co.* v. *Union Button Co.*, 1 Holmes, 253; *Brooks* v. *Stolly*, 3 McLean, 525; *Goddard* v. *Wilde*, 17 Fed. Rep. 845; *Day* v. *Hartshorn*, 3 Fish. 36.)

MILLER, J. This is an appeal from an order of the General Term, affirming an order of the Special Term, granting a temporary injunction restraining the defendants from manufacturing, selling or using certain alleged patents known as "hat sweat bands," until they pay the royalties claimed to be due by virtue of a license issued to them.

The material allegations in the complaint are as follows: That by virtue of certain letters-patent, the plaintiff has the exclusive right to manufacture and sell the article in question; that having such right, it licensed the defendants to manufacture and sell the same; that in consideration of such license, the defendants promised to make monthly reports of the number manufactured by them and pay certain license fees; that they refuse to report or to pay the said fees.

The injunction was granted on the ground "that it appears from the complaint that the plaintiff demands and is entitled to a judgment against the defendants restraining the said acts, and that their commission and continuance pending the action will produce injury to the plaintiff."

The plaintiff's claim rests upon the contract entered into between it and the defendants, by virtue of which the defendants were licensed to manufacture and use the sweat bands which are the subject of this controversy. The defendants claim that they were induced to sign said contract by fraudulent representations, and that upon discovering the fraud they repudiated the contract. Several suits have been brought for license fees due prior to February 1, 1885, and in each of these suits the defendants have answered, among other things, denying the allegation in the complaint that the plaintiff was the owner and

proprietor of the letters-patent set forth therein. They also set up that the contract was obtained by false and fraudulent representations, that all the patents were good and valid, and that the plaintiff had the exclusive right to the use of the same; that the same had been confirmed by decisions in the United States courts, and that plaintiff made other representations showing title to said patents, that relying upon such statements and representations and being deceived thereby, the defendants executed said contract.

From the affidavits read upon the motion to continue the injunction, it is apparent that the question as to the validity of the patents and the right of the plaintiff to the exclusive use of the same is the subject of controversy to be determined in the action. The defense interposed involves the question whether the plaintiff had title to and was the owner of the patents in reference to which the contract was entered into.

It also appears from the affidavits of the defendants, used upon the motion, that they are perfectly responsible and able to pay any judgment that may be recovered against them.

In *Continental Store Service Co.* v. *Clark* (100 N. Y. 365), it was held that while a State court has jurisdiction to decide questions as to the title to letters-patent granted by the Federal government, or of an action on a contract, although such action involves the validity of a patent, it has no authority to restrain a party from using the patent *pendente lite*, or in any way to pass upon a question as to an infringement of the patent right; as to this, the Federal courts have exclusive jurisdiction. Within the rule laid down in the case cited it is manifest that no jurisdiction existed to grant the injunction against the defendants, and that the remedy of the plaintiff, by injunction, was vested exclusively in the United States courts.

In the case cited the action was brought to compel the specific performance of a written agreement, under seal, and to remove a cloud on the title of the plaintiff to certain property, manufactured by the plaintiff by virtue of the written agreement and as assignee of the same and of certain patents therein mentioned, and to prevent respondents from using the

patents *pendente lite.*   It is said in the opinion that "a State court cannot grant relief beyond its jurisdiction, as an incident to other relief which is within its power.   It may determine what the contract is and in whom the title to the patent is vested, but it has no right to say that a party shall be enjoined from using the patents, or in any way to pass upon any question arising as to its infringement."

We are unable to perceive any difference between the case cited and the one at bar, and no reason exists why the former is not controlling and decisive of the question now presented. It is also apparent that the plaintiff had an ample remedy at law by an action upon the contract for the recovery of damages for the failure of the defendants to perform the same. Several of these actions have already been commenced, and there are no such features in the case now considered which entitles the plaintiff to the benefits arising from the injunction in enforcing its rights.   The defendants are, as the proof shows, perfectly responsible, and any judgment recovered against them can be collected.   Inasmuch, however, as the case may be disposed of upon the question as above considered, it is not necessary to determine whether the injunction should be dissolved upon the ground last stated.

The order of the General Term and of the Special Term should be reversed, and the injunction dissolved.

All concur.

Ordered accordingly.