JULIUS KAYSER, Respondent, v. ANNA M. ARNOLD and Others, Appellants.

*Use of patented articles — actions to restrain an unlawful use thereof must be brought in the United States courts.*

The complaint alleged that the defendants Arnold, for the benefit of the plaintiff, caused certain mechanical appliances for certain patented machines to be made and constructed, upon the agreement that all the machines so completed, to the number of one hundred or more, if required by the plaintiff, should belong to and be his property, and that he was to have the exclusive right to use them on payment of certain royalties; that he furnished the money to complete the machines; that six machines were finished, and were to have been delivered to him on March 31, 1886, when a formal written agreement was to have been executed; that the defendants refused to deliver the machines, and sold them to a rival firm. The relief sought was that the sale of the machines be adjudged to be subject to the exclusive right of the plaintiff thereto, and that the defendants be compelled to execute and deliver the written agreement and to deliver the completed machines.

*Held*, that as the plaintiff sought to prevent the manufacture and sale of patented articles by the patentee, under an agreement by which he claimed title from him, this court had no power to grant the relief sought.

*Continental Store Service Company* v. *Clark et al.* (100 N. Y., 365) followed.

Appeal from an order granting and continuing an injunction.

*Frank E. Blackwell* and *Sanford H. Steele*, for the appellants.

*A. J. Dittenhoefer*, for the respondent.

Brady, P. J.:

The complaint alleges that the defendants Arnold, for the benefit of the plaintiff, caused certain mechanical appliances for certain patented machines to be made and constructed; that there was a complete agreement between them that all the machines so completed, to the number of one hundred and more, if required by the plaintiff, should belong to and be his property, and that he was to have the exclusive right to use them on payment of certain royalties; that he furnished the money to complete the machines; that six machines were finished with the money so advanced, which were to have been delivered to him on the 31st of March, 1886, when the formal agreement in writing between the parties was to have been executed; and that instead of delivering them, one of the Arnolds

informed him that he would not deliver them, and, in violation of his agreement, sold the machines to the defendants Jennings & Co., a rival firm, who intended to operate and use the same. The relief demanded was:

*First.* That the sale of said machines, by defendants Arnold to the defendants Jennings, be adjudged to be subordinate to the exclusive right of this plaintiff in and to the same.

*Second.* That the defendants Arnold be directed to execute and deliver to plaintiff the written agreement set forth in the complaint.

*Third.* That said defendants Arnold be directed to deliver to plaintiff the six completed machines.

On this complaint, and the supporting affidavits, an injunction was issued restraining the defendants:

1. From making, using, vending, delivering, working or putting into practice, for the purpose of making gloves or mitts, excepting for the plaintiff, any of the said machines.

2. From asserting any claim or right to make, construct, vend, deliver or work said machines.

The defendants sought, by a proper proceeding for that purpose, to dissolve the injunction, and upon the hearing an order was made reserving the merits for consideration; and requiring the plaintiffs to consent to the submission on short notice, for the consideration of this court, of the objections interposed on behalf of the defendants, that the court having no jurisdiction so to do, the injunction was issued without authority.

It is deemed unnecessary to examine the numerous cases which bear upon the subject, and by which an effort has been made to sustain the jurisdiction of the State courts in analogous cases to the one under consideration, inasmuch as the very recent decision made in the case of the *Continental Store Service Company* v. *Clark et al.* (100 N. Y., 365), seems to be conclusive upon the subject, and against the exercise of the power invoked and employed in this case. That was an action, as stated by the court, to compel the specific performance of a written agreement under seal, and to remove a cloud on the title of the plaintiff to certain property manufactured by him by virtue of the agreement, and as the assignee of the same and of certain patents therein mentioned, and to prevent the defendants from using the patents *pendente lite.* The patents were issued,

it appears, to Milton Clark, and the plaintiff claimed title by virtue of an assignment to them, whilst the New York Store Service Company insisted that they had acquired the superior title. A preliminary injunction was granted which was made permanent, but which, upon an appeal to the General Term, was modified so far as it restrained the defendants from putting up or in use, implements, machines, etc., or any of them, under the patents and systems on the ground that it was made without authority. And on appeal to the Court of Appeals the order, as modified, was sustained upon the doctrine that the power employed rested exclusively in the courts of the United States. In the course of the opinion it is said: " The federal courts have exclusive jurisdiction under the Constitution and laws of the United States in cases of any infringement of the rights granted by a patent issued by the authority of the government; and where such rights are conferred by law and a remedy is provided as to the forum where the same may be enforced, the party must be restricted to the remedy and the forum provided."

" The decisions of the courts of this State are quite uniform in holding that they have no jurisdiction in a cause to prevent an infringement upon a patent right, or to restrain the violation of a right conferred by authority of the patent laws of the United States."

It will have been observed that that controversy was between two persons claiming the same right under patents about the validity of which there was no dispute, and yet the court held that an injunction which restrained the manufacture of the patented article could not be granted. Here the plaintiff seeks to prevent the manufacture and sale of patented articles by the patentee under an agreement, claiming title from him, and, therefore, it is clearly within the principle laid down in the case referred to in the Court of Appeals, which is indeed a stronger one in favor of the plaintiff therein than the present.

For these reasons, we think the court had no jurisdiction, and that the order appealed from should be reversed, but, under the circumstances, without costs.

DANIELS and CHURCHILL, JJ., concurred.

Order reversed.