McCARTY & HALL TRADING CO. *v.* GLAENZER.

*(Circuit Court, S. D. New York.* March 14, 1887.)

COURTS—STATE AND FEDERAL—INFRINGEMENT OF LICENSE TO SELL PATENT—CONSTRUCTION OF CONTRACT.

Where the parties to an action are both citizens of the same state, although the action is brought for the infringement of a patent, where the defendant admits the validity of the patent, and his use of it, and the only question is the construction of a contract between them as to the use of the patent, involving wholly common-law and equity principles, the federal courts have no jurisdiction of the action, and the plaintiff must resort to the state court for his remedy; and it does not affect the question that the state court had previously ruled that it had no jurisdiction, and that relief must be sought in the federal court, the plaintiff being thus left without remedy.

In Equity.

*Geo. W. Van Slyke,* for complainant.

*Eugene H. Lewis* and *Charles E. Hughes,* for defendant.

WALLACE, J. The motion for a preliminary injunction must be denied, because, upon the authority of *Hartell* v. *Tilghman,* 99 U. S. 547, this court has no jurisdiction of the controversy disclosed by the bill and answer. The bill asserts that the plaintiff has the exclusive right to use and sell, throughout the United States, certain patented mirrors by virtue of a license granted to Hall, Nicoll & Granby, by the owners of the patent, and by Hall, Nicoll & Granby assigned to plaintiff, with the consent of the owners of the patent; that the owners of the patent claim without just cause (and the bill sets forth all the facts) that the license has become forfeited; and that the defendant, as the agent of the owners of the patent, is now selling the patented mirrors in disregard of plaintiff's rights. The answer admits the validity of the patent; admits that the mirrors the defendant is selling are the mirrors of the patent; admits that he is selling them as the agents of the owners of the patent; and denies that the plaintiff has any cause of action, and asserts that his rights under the license had terminated by reason of non-performance of one of the conditions of the license before the alleged acts of infringement.

The parties are citizens and residents of this state; and according to *Hartell* v. *Tilghman, supra,* although the suit is brought for infringement, inasmuch as defendant admits the validity and use of the patent, and the rights of the parties depend wholly upon common-law and equity

principles as applied to the contract stated in the bill, the case does not arise under any act of congress, and the plaintiff can and must resort to the state court for his remedy.

The precise question has been decided the other way by the court of appeals of this state, in *Continental Store Service Co. v. Clark*, 100 N. Y. 365, 3 N. E. Rep. 335; *Hat Sweat Manuf'g Co. v. Reinoehl*, 102 N. Y. 167, 6 N. E. Rep. 264, where it was held that in such a case the plaintiff can and must resort to the circuit court of the United States. It will probably afford the plaintiff poor comfort to know that, while in this conflict of authority he is apparently left without a remedy for the violation of his rights, the question has received careful consideration at the hands of both the tribunals of last resort, federal and state, and was decided in each by a divided court.