Bartlett, J.
Catharine Judson was the owner of a patent for corset clasps. By an agreement with the plaintiff's she granted them the right to make, use, and sell corset clasps containing the patented invention during the life of the patent, and during the term of any reissue thereof. She further agreed not to license more than one other person, firm, or corporation to make, use, or sell articles under the patent without the written consent of the plaintiffs. A second license was granted, under the right thus reserved, to the Scovill Manufacturing Company. Thereafter, however, the said Catharine Judson, not having obtained any consent from the plaintiffs to do so, as *882 signed to Garret L. Hardy, the defendant, all the right, title, and interest which she still had in and to the invention aforesaid. The defendant then proceeded to manufacture corset clasps under the patent, and sell them at a lower price than that for which such clasps were sold by the plaintiffs. This action was brought to restrain the defendant from continuing to manufacture or sell the patented articles, and to compel him to account to the plaintiffs, and pay over to them all profits which he had realized by reason of his sales under the patent. In the opinion of the trial court, the license by Catharine Judson to the plaintiffs to make, use, and sell the patented article during the whole term of the patent was declared to be to .all intents and purposes an assignment, and on this ground it was held that the action could be maintained against the defendant, who, it will be observed, stands in no contract relation with the plaintiffs; the"theory of the suit being that he is liable to them simply as a wrong-doer. The claim of the plaintiffs is, in substance, that the sole right to manufacture and sell corset clasps under Catharine Judson’s invention belongs to them, and to the Scovill Manufacturing Company; that the defendant, Garret L. Hardy, is manufacturing and selling clasps in disregard of their rights under the patent; and therefore that they are entitled to have him enjoined, and to recover from him the profits which he has made by reason of his misconduct.
It seems to me quite clear that this is a suit for the infringement of a patent, and therefore a case of which the state courts have no jurisdiction. A different view appears to have been entertained by the general term, on an appeal from an order denying a motion for a temporary injunction. Mayer v. Hardy, 11 Wkly. Dig. 130. The opinion of the general term, however, was rendered prior to the cases of Service Co. v. Clark, 100 N. Y. 365, 3 N. E. Rep. 335, and Manufacturing Co. v. Reinoehl, 102 N. Y. 167, 6 N. E. Rep. 264. These decisions establish the proposition that«while the state courts may adjudicate upon the status of the various claimants to a patent, or to rights thereunder, with respect to one another, and may thus decide questions as to the title to letters patent, a state tribunal is without jurisdiction to enjoin a party from using a patent during the pendency of an action, and is also without jurisdiction “in any way to pass upon a question as to an infringement of the patent-right.” In the present case there was not only an injunction pendente lite, but there is also a perpetual injunction in the final judgment; and the damages which the plaintiffs have been allowed to recover upon the proceedings before the referee are in fact simply damages for the infringement of the patent in question, and nothing else. In my opinion, the case is one of which the federal courts have exclusive jurisdiction, and it it is therefore incumbent upon us to reverse the judgment. All concur.