### CHILDS et al. v. TUTTLE et al.

(*Supreme Court, General Term, Fourth Department.*   September, 1889.)

PATENTS FOR INVENTIONS—INFRINGEMENT—JURISDICTION OF STATE COURTS.
A state court has no jurisdiction to enjoin a person from suing for an infringement of a patent.   CHURCHILL, J., dissenting.

Appeal from special term.

Action for an injunction by J. Morris Childs and another against Willis H. Tuttle and others.   A preliminary injunction was granted, and a motion to vacate it was subsequently made and denied.   From the order denying the defendants' motion to vacate the injunction Willis H. Tuttle appeals.

Argued before MARTIN, P. J., and MERWIN and CHURCHILL, JJ.

J. Henry Metcalf, for appellant.   Risley & Perry, for respondents.

MARTIN, P. J.   The controversy between the parties to this action arises out of the claim that the plaintiffs are manufacturing and selling a spring-tooth harrow, which infringes upon a patent-right owned by the defendants. The relief sought by this action was to restrain the defendants from bringing any suit or suits against the purchasers or users of the plaintiffs' harrow for an alleged infringement of such patent, until a certain suit between a portion of the defendants and one Shorden should be determined by the United States supreme court, where said action was then pending on appeal.   A preliminary injunction was granted enjoining the defendants, their agents, attorneys, and employes, from instituting or prosecuting "any suit or suits for an alleged infringement of such patent against any of the sellers, purchasers, or users of harrows manufactured and sold by the plaintiffs, and that they may hereafter manufacture and sell until the final hearing and decision of the case now on appeal to the supreme court, wherein the Reed patent is involved, or until the final decision of a case brought by the owners of said patent against these plaintiffs, in a court having jurisdiction of the subject-matter of the alleged infringement, until the further order of this court."   A motion to vacate such injunction was subsequently made and denied.   The injunction was however modified by striking out the words "decision of the case now on appeal to the supreme court, wherein the Reed patent is involved," and inserting the words "during the pendency of this action," in lieu of the words thus stricken out. The injunction, as modified, restrained the institution or prosecution by the defendants of any suit against the sellers, purchasers, or users of plaintiffs' harrows for infringement of the defendants' patent during the pendency of this action, or until the final decision of an action brought by the defendants against the plaintiffs in the United States court.   From the order denying the defendants' motion to vacate such injunction this appeal was taken.

The important question presented by this appeal is, was this court authorized or had it the power to restrain the defendants from prosecuting an action

·in the federal courts to secure their alleged rights, under a patent issued by the United States? The federal courts have exclusive jurisdiction of actions .for infringement of patent rights. *Dudley* v. *Mayhew*, 3 N. Y. 9; *Hovey* v. *Pencil Co.*, 57 N. Y. 119; *De Witt* v. *Manufacturing Co.*, 66 N. Y. 459; *Service Co.* v. *Clark*, 100 N. Y. 365, 370, 3 N. E. Rep. 335. "An action .for an infringement lies in favor of the owner of a patent against any one who claims to manufacture, use, or enjoy the same in opposition to his rights." *Service Co.* v. *Clark*, 100 N. Y. 365, 371, 3 N. E. Rep. 335. A state court has no authority to restrain the proceedings of a federal court. *McKim* v. *Voorhies*, 7 Cranch, 279; *Riggs* v. *Johnson County*, 6 Wall. 195; *Ableman* v. *Booth*, 21 How. 516; *Duncan* v. *Darst*, 1 How. 306; *Amy* v. *Supervisors*, 11 Wall. 136. While a state court has jurisdiction to decide questions .as to the title to letters patent or of an action on contract, although such action involves the validity of a patent, it has no authority to restrain a party from using the patent *pendente lite*, or in any way to pass upon a question as :to an infringement of the patent; as to that the federal courts have exclusive jurisdiction. *Service Co.* v. *Clark*, *supra;* *Manufacturing Co.* v. *Reinoehl*, 102 N. Y. 167, 6 N. E. Rep. 264. Nor have the state courts any jurisdiction ·to entertain a suit to restrain the infringement of a patent. *Dudley* v. *Mayhew*, 3 N. Y. 9; *Gibson* v. *Woodworth*, 8 Paige, 132. I think the doctrine of the authorities cited quite decisive of the question under consideration, and ·that it must be held that this court had no authority to restrain the defendants from prosecuting actions in the federal courts against either the makers, ·sellers, or users of a harrow, which was an infringement upon their patent; .and as this court could in no way pass upon that question, it could not enjoin ·the defendants from prosecuting their actions in a court having exclusive jurisdiction of the subject-matter thereof. If this court has power to restrain the defendants from bringing an action in the federal courts against one class ·of infringers, it can restrain them from bringing an action against any person who infringes upon their rights; if so, then it may enjoin every owner of a ,patent from maintaining an action for the infringement of his right; and hence .a state court would possess the power to nullify the patent laws of the United States, and render the patents granted by it valueless. I think no such ,power is vested in the state courts. The exclusive jurisdiction of that subject is vested in the federal courts. The question here is not one of comity, ,nor one of concurrent jurisdiction; it is a question of limitation and authority. .No case has been cited which sustains a doctrine which will uphold the injunction granted in this case, and I have been unable to find any. The case of *Emack* v. *Kane*, 34 Fed. Rep. 46, does not sustain the doctrine contended for, and is not in conflict with the foregoing conclusion. In the *Emack Case* the action was in the federal court, and was brought, not to restrain the defendants from asserting their claimed rights under their patent by bringing actions for infringement thereof, but to restrain them from maliciously injuring plaintiff's business by issuing circulars threatening the complainant's customers with lawsuits for all infringements. This case falls far short of establishing the doctrine that a state court may restrain a party from commencing an action in the federal court for an alleged infringement of a patent, ·when the latter court has exclusive jurisdiction of such an action.

The effect of the injunction in this case is to restrain the defendants from ·commencing any actions against the sellers, purchasers, or users of any harrow that has been or shall be manufactured by the plaintiffs, even though it ·be identical in all respects with the harrows manufactured under the Reed ;patent. If the plaintiffs' harrow is an infringement upon the defendants' patent, I can perceive no equity in restraining them from asserting their rights .against any person or persons who are liable for such infringement, and, as .was said by BLATCHFORD, J., in the *Asbestos Felting Co. Case*, 13 Blatchf.

454, "I am not aware of any principle which would authorize the court, in a suit of this character, to restrain a defendant from bringing suits on his patent before that patent is adjudged to be invalid. The granting of the patent to the defendants confers the right to bring suits thereon for its infringement."

I am of the opinion that the court had no authority to grant the preliminary injunction in this case: that the special term should have vacated it, and erred in denying the defendants' motion for that purpose. These considerations lead me to the conclusion that the order denying the said motion should be reversed, with $10 costs, and an order vacating said injunction should be granted, with $10 costs and disbursements on this appeal.

MERWIN, J., concurred. CHURCHILL, J., dissented. See *post*, 227.