## ATHERTON MACH. CO. v. ATWOOD–MORRISON CO.

(Circuit Court, D. New Jersey. January 19, 1900.)

JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION—SUIT TO DETERMINE OWNERSHIP OF PATENT.

A suit in equity to determine the ownership of a patent claimed by both parties under assignments from the patentee is not one arising under the patent laws of the United States, so as to give a federal court jurisdiction where the parties are citizens of the same state.[1]

In Equity. On demurrer to bill.

E. Q. Keasbey, for complainant.
Frederick P. Fish, for defendant.

KIRKPATRICK, District Judge. The parties to this suit, both complainant and defendant, are corporations organized under the laws of the state of New Jersey, and therefore to be regarded as citizens of that state. The bill sets out that in July, 1896, one Jean Schweiter filed an application in the United States patent office for the grant of letters patent, and that prior to the issuance thereof he assigned his invention and application to one Schrader, who in turn assigned the same to the Schrader Improved Quilling-Machine Company. There is no allegation in the bill that the assignment from Schweiter to Schrader was ever filed with the patent office, though it is set out that the assignment from Schrader to the Schrader Improved Quilling-Machine Company was so filed on May 1, 1897, and that in it there was a recital of the previous assignment. Notwithstanding the filing of such assignment, the patent for Schweiter's invention was on January 4, 1898, issued to him. On August 18, 1898, the Schrader Improved Quilling-Machine Company executed an assignment of said patent to the complainant. The bill charges that the defendant is using the machine described in the patent issued to Schweiter, and, having been by it requested to stop such use, has claimed to be the owner of said patent by virtue of an assignment thereof made by said Schweiter to it. The prayer of the bill is "that the pretended assignment from Schweiter to the defendant may be declared to be of no effect, and to be subject to the rights and title of the complainant." To the bill the defendant demurs. It does not thereby deny the validity of the patent, nor defendant's use of the patented machine. It admits that the complainant has a claim of title to the patent acquired as stated in the bill of complaint, and that the defendant holds a claim of title thereto by an assignment from the patentee, as the bill recites. One of the grounds of demurrer is "that the said bill of complaint, in so far as it relates to the assignment from said Schweiter to the defendant, and the defendant's rights thereunder. is not 'a suit at law or in equity arising under the patent or copyright laws of the United

[1] For jurisdiction of federal courts in cases involving federal questions, see note to Bailcy v. Mosher, 11 C. C. A. 308, and, supplementary thereto, note to Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

States,' and therefore this court has no jurisdiction of the case." In my opinion, this objection must prevail. To determine whether the complainant is entitled to the relief it seeks does not involve the consideration of any law of the United States. The title to the patent rests solely in contract, to the interpretation of which the general principles of equity and common law are applicable, and which are in no way changed because the contract relates to a patent granted by the United States. The question presented here came before the circuit court of the United States for the Northern district of Illinois, where, in a well-considered opinion, Judge Blodgett held the court to be without jurisdiction, because "the controversy was not as to the construction, validity, or infringement of a patent, but was a controversy as to its title or ownership." Reference was made by the learned judge to the cases of Wilson v. Sandford, 10 How. 99, 13 L. Ed. 344; Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357; Albright v. Teas, 106 U. S. 613, 1 Sup. Ct. 550, 27 L. Ed. 295. To the same effect are the cases of Trading Co. v. Glaenzer (C. C.) 30 Fed. 387, and Manufacturing Co. v. Hyatt, 125 U. S. 46, 8 Sup. Ct. 756, 31 L. Ed. 683.

The parties to this action being residents of the same state, and the suit not being one arising under the patent laws of the United States, this court is without jurisdiction. Judgment should be for the defendant on the demurrer. Let a decree be prepared dismissing the bill.