NEW ERA ELECTRIC RANGE COMPANY (a Corporation), Appellant, *v.* LEMUEL W. SERRELL and Others, Respondents.

No opinion. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.; Finch, J., dissents.

Finch, J. (dissenting). I vote to reverse the orders appealed from and to deny the motions made to dismiss the complaint. As the motions are addressed to the complaint before answer, and as it is alleged in the complaint that the application by Serrell individually was for the same identical device and invention, the only question before the court is a question of title under the prior assignment. Of such a question, even though the subject is that of a patent, the State court has jurisdiction. (*Continental Store Service Company* v. *Clark*, 100 N. Y. 365; *New Marshall Engine Company* v. *Marshall Engine Company*, 223 U. S. 473; *American Circular Loom Co.* v. *Wilson*, 198 Mass. 182.) In *New Marshall Engine Company* v. *Marshall Engine Company* (*supra*) Mr. Justice Lamar, speaking for the court, said: " For courts of a State may try questions of title, and may construe and enforce contracts relating to patents. *Wade* v. *Lawder*, 165 U. S. 624, 627." In *Continental Store Service Company* v. *Clark* (*supra*), Judge Miller, speaking for a majority of the court, said: " The courts of this State have an undoubted right to adjudicate upon questions arising in reference to the title to letters-patent as well as other questions as to the rights of parties which do not come within the provisions of law relating to patent rights. In such cases the right secured by the patent is collateral to the main purpose and object of the action, and when this is the case the State courts have jurisdiction to determine the controversy * * *." The complaint having been dismissed as insufficient upon its face, it is only necessary for us to find that it states a cause of action as to some of the relief demanded. And this it does in so far as it prays for assignment to the plaintiff of the rights acquired in derogation of the plaintiff's rights by the defendants and restraining the defendants from parting with their interest pending the litigation. But in so far as it seeks to enjoin and restrain the defendants from in any way infringing upon the patent, the prayer would appear to be invalid in the State courts. (*Continental Store Service Company* v. *Clark*, 100 N. Y. 365.) As to the individual defendants composing the partnership of Serrell & Son, the complaint states a cause of action against them since it is alleged in paragraph 17th of the complaint " that said firm of Serrell & Son claim interest in said patent and device, * * *." [132 Misc. 354.]