ALLISON BROTHERS COMPANY, RESPONDENT, *v.* JAMES. C. HART, APPELLANT, IMPLEADED WITH OTHERS.

*Recovery for the use of a patented machine — where there is no agreement to pay therefor — where a license has been taken from one of two adverse claimants of the patent — action for infringement.*

Where no contract has been made with the plaintiff for the use of a patented machine, an action cannot be brought in a State court to obtain an adjudication. which would permit the use of the machine only upon the condition that any royalties, or other moneys paid for the use thereof be paid to the plaintiff in the action.

In the absence of such a contract for the use of the machine any action would necessarily be on the case for an infringement of the letters-patent owned by the plaintiff, and would be cognizable only in the courts of the United States.

A party so using the machine has no interest in a controversy between adverse claimants to the patent and is not a proper party thereto, and although he may make a contract with one party to pay for the use of the patented machine, the other party claiming to own it cannot, without an assignment of the agreement by the adverse claimant, recover the amount agreed to be paid under such agreement.

If the party using the machine has taken a license from the wrong person, the remedy of the lawful owner of the patent lies in an action against the party using the article to recover damages for an infringement of the patent.

APPEAL by the defendant James C. Hart from an interlocutory judgment, entered in the office of the clerk of the county of Monroe. on the 6th day of November, 1889, overruling a demurrer interposed. by him to the plaintiff's complaint.

The action was commenced against Oscar W. Allison, The Kinney Tobacco Company, a corporation, and William S. Kimball and James C. Hart partners engaged in the business of manufacturing cigarettes, and the complaint demanded judgment :

1. That the defendant Oscar W. Allison be restrained from manufacturing, selling or furnishing to any person or corporation, to be used in any form for the manufacture of cigarettes, any of the machines referred to in the complaint ; and from granting any license to use or make the same or any of them, and from making any contract whatever in respect to the same ; and that he be restrained from collecting any moneys as royalties or otherwise from the defendants William S. Kimball & Co. and the Kinney Tobacco Company, or any other person or persons or corporation, and that the defendant, the Kinney Tobacco Company and William S. Kim-

ball and James C. Hart be restrained from paying the said Oscar W. Allison any royalties or other moneys for the use of said machines; and that they be restrained from using said machines, except on condition that they shall pay to the plaintiff whatever royalty it is proper for them to pay for such use, and that a temporary injunction issue restraining said parties as aforesaid during the pendency of this action; and that a receiver be appointed to receive any sum to be paid by either of said parties for the use or right to use said machines. or any of them during the pendency of this action.

2. That the said agreement of October 9, 1882, and the said agreement of November 5, 1883, and the said bill of sale of November 9, 1883, and the said agreement of November 19, 1883, be reformed by incorporating therein, respectively, the provisions omitted therefrom as hereinbefore set forth, and by reforming the same so that they shall contain suitable provisions to transfer to the plaintiff the letters-patent aforesaid, and all inventions which have been made by the said Oscar W. Allison, or any other of the parties to said agreements, of machines or devices to be used in the manufacture of cigarettes and tobacco, or which may hereafter be made.

3. That the plaintiff have such other or further relief in the premises as to the court may seem proper.

4. That the defendant Oscar W. Allison pay the costs of this action.

*Eugene Van Voorhis*, for the respondent.

*Theodore Bacon*, for the appellant.

MACOMBER, J. :

The defendant Hart is the only one of the defendants who interposes a demurrer to the complaint. If his demurrer be good, it is not apparent why his copartner, the defendant Kimball, did not join therein; for if either of these parties is liable to any claim made by the plaintiff, the other is also, as they are charged only as copartners. Nevertheless, technically speaking, there seems to be no legal obstacle in the way of one of such copartners interposing a demurrer while the other answers the complaint upon the merits. ( *Webb* v. *Vanderbilt*, 39 N. Y. Supr. Ct. [7 J. & S.], 4.)

If the appellant can be held as a party to this action, it must be, not because his presence is essential to any relief which the plaintiff

may have against the necessary parties thereto, but because he is, within a somewhat indefinite and shadowy expression, a proper party. Pomeroy, in his work on Remedies and Remedial Rights (§ 329, 330), defines necessary parties as those without whom no judgment can be rendered, and proper parties as those whose presence renders the judgment more effectual, and whereby a complete determination may be had of all the questions that can be raised, and of all the rights which are connected with the subject-matter of the controversy. A solution of the question whether the appellant may, in any view which may be taken of the complaint, be deemed a proper party can only be had by an inspection of the complaint itself, an analysis of which it may be proper to give.

The first count is designed only to raise and determine the question of title to certain inventions. It alleges that, some time prior to October 9, 1882, the defendant Oscar W. Allison, and his brother John, the latter not being a party to this action, were owners of two patent-rights, one of them issued to Oscar W. Allison for an improvement in cigarette machines, and the other to them jointly for an improvement in cigarettes. These persons, it is alleged, entered into an agreement with one Clarke on that day, a copy of which is annexed to the complaint, whereby each of them assigned to Clarke an undivided sixth of his interest in both patents "and any improvements, renewals or reissues of said cigarettes, cigarette machines or letters-patent" * * * "for the term of any extension, any improvements thereof or reissue or reissues thereon, * * * meaning hereby to vest in said F. DeWitt Clarke one undivided third of said patents, extension or improvements thereof." Then follows a provision "that neither of us will sell, dispose of, license or grant any portion of our said interest in and to the same to any person or persons or corporation without the written consent of the other two."

On the 5th day of February, 1883, these two Allisons and Clarke sold and assigned to one Allen one-fourth part of "all patents, machines, machinery, stock, etc., now used and owned by said parties of the first part, in the manufacture of tobacco, cigarettes, etc., under the firm name of Allison Bros. & Co., as well as new patents, machines, machinery or appliances which may be obtained or used in connection with said business; and the parties of the

first part do hereby covenant and agree to make all proper assignments of patents, etc., for that purpose whenever desired."

On the 9th day of November, 1883, these last four named persons, composing the firm of Allison Bros. & Co., by an instrument in writing, sold and transferred to the plaintiff, all the property, machinery, tools, patterns, machines, implements, stock manufactured, and in the process of manufacture, office and shop furniture, fixtures, material for manufacture, etc., "together with all patents or interests in patents, owned by any or either of said firm, for improvements in cigarettes and cigarette machines, and machinery for manufacturing same."

On the 19th day of November, 1883, the Allisons and Clarke executed to the plaintiff another instrument whereby they assigned to the plaintiff all their interest in two certain letters-patent theretofore enjoyed by them and which had been used by the firm of Allison Bros. & Co., "this transfer to include any improvements, renewals or reissues of said patented improvements or letters-patent," giving their numbers.

In the month of December, 1883, a patent was issued to the plaintiff for an improvement in cigarette machines invented by Oscar W. Allison.

The complaint then charges that, without the consent of the plaintiff or of Allen or of Clarke, the defendant Oscar W. Allison has made and delivered to the defendants William S. Kimball and James C. Hart, as copartners, twelve cigarette machines, the right to use which belongs exclusively to the plaintiff, and that such machines are the same referred to in the letters-patent aforesaid, "but if they differ in any respect from the machines referred to in said letters-patent, such alteration or improvement, or improved machine and the exclusive right to use the same, are the property of this plaintiff." It is further averred that Kimball & Co. are using the machines without the consent of plaintiff and without the consent of Clarke or of Allen, constructed according to certain patents, the application for the issuing of which has already been made, which will, when issued, belong to the plaintiff; that Oscar W. Allison has delivered to the defendant, the Kinney Tobacco Company, ten of such machines; that Kimball & Co., as well as the Kinney Tobacco Company, received the machines which are used

by them from Oscar W. Allison, and agreed with the latter for the use thereof, with the notice of the agreement aforesaid, and that the defendant Oscar W. Allison, who is irresponsible and insolvent, is receiving from these other defendants large royalties for the use of such machines.

The second count of the complaint, availing itself of the allegations and contracts set forth in the first count, is said to be, by counsel for the respondent, supplemental to the first, and put in as matter of precaution, so that in case the contracts, as set forth, do not express the actual agreement between the parties, they may be reformed on the ground of a mutual mistake, and relief given under the same as so reformed. Other averments in this pleading touching only the legal effect and meaning of the instruments which are set forth in full, and the inferences from the facts alleged, are not admitted by the demurrer, and must be disregarded. (*Bogardus* v. *N. Y. Life Ins. Co.*, 101 N. Y., 337.)

The prayer against this defendant and his copartner is, that they may be restrained from paying to Oscar W. Allison any royalties or other moneys for the use of such machines, and that they may be restrained from such use except on condition that they shall pay the plaintiff whatever royalty it is proper for them to pay for such use.

The appellant's relation to the case is the same under both counts, and his demurrer is broad enough, apparently, to cover any objection to the complaint which may be made in his behalf.

We purpose, as we did when this case was before us on the appeal from the order vacating the preliminary injunction herein (*Allison Bros.* v. *Allison*, 26 N. Y. St. Rep., 825), no further to pass upon the matters alleged in the complaint than is necessary for the decision of the precise question taken by the appeal, though the arguments of counsel have, to some extent, been directed to the rights of other parties to the action.

The averment, if such meaning is intended by it, that Kimball & Hart are indebted to the plaintiff for any royalties or for compensation for the use of these machines, cannot be sustained by any adjudication in our courts. No agreement is set up between the plaintiff on the one hand and Kimball & Hart on the other. In the absence of such an agreement any action against these parties would necessarily be on the case, for an infringement of letters-patent owned by

the plaintiff, and the same would be cognizable only in the courts of the United States (*Continental Store Service Co.* v. *Clark*, 100 N. Y., 365); while actions brought to enforce contracts between private parties, relevant to private rights, are not actions arising under the patent laws of the United States. (*Albright* v. *Teas*, 106 U. S., 613.)

Why, then, was the appellant made a party defendant? As we understand the complaint, the only relief which could be granted the plaintiff against him by the State courts would be to restrain him from paying the amount due upon any contract which is outstanding between him and his partner on the one hand and Oscar W. Allison on the other. This, however, does not, in our judgment, within the rule already stated, governing parties defendant, make him a proper party. But it may be said that the appellant has no cause to complain, because the only legal relief asked against him is a prohibition to him against paying a debt which he had contracted, and such relief does not involve any judgment against him of which he should be permitted to complain. But a merchant may have quite as great an interest in being permitted to pay his debts as he has in collecting the debts which are owing to him. There being no allegation of insolvency of the appellant, there seems not to have been any reason why he or his partner should have been made a party defendant to this action. In the absence of such an allegation of insolvency, his presence would not render any judgment between the real parties in interest more effectual in any conceivable sense.

We have considered the supplemental brief of the respondent's counsel, filed since the oral argument, but we are unable to concur with him that, under the allegations of this complaint, the plaintiff is entitled to the benefit of the contract which Kimball & Hart or the Kinney Tobacco Company have with Oscar W. Allison. For, in the absence of a contract to pay the plaintiff for the use of the machines, these defendants would not be chargeable in money damages, except through an action for an infringement. They have no interest in the controversy between the adverse claimants to these inventions. If they are bound to pay Oscar W. Allison on a contract which they made with him rather than with the plaintiff, it is difficult to see how the plaintiff can lay claim to payment under such contract without an assignment of the demand. If they have

taken a license from the wrong party, let the plaintiff bring suit against them for infringement.

The judgment appealed from should be reversed, with costs, and judgment ordered for the defendant Hart on the demurrer, with leave to the plaintiff to amend its complaint on payment of costs.

DWIGHT, P. J., and CORLETT, J., concurred.

Judgment reversed, with costs, and judgment ordered for the defendant Hart on the demurrer, with costs, with leave to the plaintiff to amend its complaint in twenty days on payment of such costs.