New Era Electric Range Company, a Corporation, Plaintiff, *v.* Lemuel W. Serrell and Others, Defendants.

Supreme Court, New York County, June 1, 1928.

Courts — jurisdiction — complaint shows inventor, after having claims to patent rejected, subsequently had patent issued on identical device — plaintiff became owner of original application for patent by assignment — whether Commissioner of Patents properly differentiated between applications, is question for Federal court — inventor's patent attorneys owed no duty to plaintiff — complaint dismissed.

The complaint in this action, which shows that an inventor, one of the defendants, after having claims to a certain patent rejected, subsequently had a patent issued on the identical device set up in the original claims and that plaintiff became the owner of the original application by assignment, must be dismissed for lack of jurisdiction, where the major issue to be determined is whether or not the Commissioner of Patents properly differentiated between the applications, since that question is one over which the courts of the United States have sole jurisdiction.

Moreover, the inventor's patent attorneys owed no duty or contractual obligation to plaintiff, and the complaint as to them, therefore, states no cause of action.

Motion by defendants, under rule 106 of the Rules of Civil Practice, to dismiss complaint for insufficiency and lack of jurisdiction.

*Arthur H. Serrell* and *George T. Pinckney*, for the motion.

*Eugene S. Bibb* [*John Marx* of counsel], for the plaintiff.

*Junius Pendleton Wilson* [*Andrew F. Murray* of counsel], for the defendants.

Levy, J. This motion is made on behalf of the various defendants to dismiss the complaint on the ground of insufficiency and

lack of jurisdiction. As appears from the pleading, the truth of which must be assumed in the circumstances, Lemuel W. Serrell is the inventor of an electrical device for which he made an application to the Patent Office of the United States on July 3, 1924, and retained the defendants Serrell & Pinckney as his patent attorneys for this purpose. The inventor assigned his interest in the application to the Serrell Electric Appliance Corporation in which he was a large stockholder and officer. On October 4, 1924, the Patent Office rejected certain claims and allowed others, but neither the attorneys nor Lemuel W. Serrell took any steps to keep the application alive, so that after a year it was deemed abandoned under the rules of the Patent Office. But prior, and on July 16, 1925, he made an application for a patent upon the identical device covered by the then pending application, claiming that he was the original and sole inventor, all of which we must assume to be untrue, and on December 29, 1925, the patent was issued to him. On January 19, 1925, which was a comparatively short time after the rejection of some of the claims on the original application, the owner of the latter filed a voluntary petition in bankruptcy, and about seventeen months later its trustee assigned this application to the plaintiff, which secured permission from the Commissioner of Patents to revive it. An effort in this direction proved unsuccessful, because of the patent granted on the application of Lemuel W. Serrell in July, 1925. The latter, jointly with defendant Serelco, Inc., are now exploiting this invention and plaintiff by this action seeks to have the patent assigned to it.

There is no question but that the patent attorneys owed no duty or contractual obligation to the plaintiff. As to them, therefore, no cause of action is stated. As to the other defendants, there is little doubt that if this were a motion for judgment on the pleadings, and the answer denied the identity of the devices embodied in the two applications, the complaint would have to be dismissed because of lack of jurisdiction. In that event, this court would be confronted with a situation where it would be compelled to pass upon the question of the similarity of two inventions — a matter seemingly exclusive within the jurisdiction of the Federal courts. (*Allison Bros. Co.* v. *Hart,* 56 Hun, 282.) It is argued by the plaintiff, however, that upon this motion under rule 106 of the Rules of Civil Practice, the fact of the identity of the two devices must be assumed. But the statement of such identity is a mere conclusion of the pleader and the facts underlying this are belied by the complaint; for, as the Commissioner of Patents presumably had before him a claim of orginality in connection with the second application, his decision must be construed as differentiating its claims from those contained

in the earlier petition. If that official made an error of judgment, an issue of fact arises of which the courts of the United States have the sole jurisdiction.

It is unnecessary, in view of this, to pass upon the question of the existence of a duty, if any, of the defendants toward a subsequent purchaser of a stale asset of a bankrupt concern as the motion must be granted on the ground of lack of jurisdiction.