## HAMMACHER and others *v.* WILSON.[1]

*(Circuit Court, D. Massachusetts. January, 1886.)*

1. **PATENTS FOR INVENTIONS—LICENSE—JURISDICTION OF FEDERAL COURTS TO ENFORCE OR FORFEIT.**

    It is undoubtedly the rule that where there appears to be a subsisting license between the complainant and the respondent, the jurisdiction of the court, under the patent law, will not be extended to cover a suit to enforce or forfeit the license on the ground that the terms thereof have been violated; citing *Hartell* v. *Tilghman*, 99 U. S. 547.

2. **SAME—JURISDICTION TO DETERMINE WHETHER THERE IS A LICENSE.**

    But where a suit is brought for infringement, and the existence of a license is alleged by the respondent and denied by the complainant, it is competent for the court to determine whether, at the time of the filing of the bill, there was a subsisting license between the parties.

3. **FAILURE TO PAY ROYALTIES—TERMINATION OF LICENSE.**

    Defendant failed to pay royalties, and thereupon complainant served notice of termination of the license, in the manner provided by its terms, and afterwards filed his bill for infringement. Defendant sought to excuse his failure to pay royalties on the ground that he could not ascertain where the owner of the patent was when they fell due, offered to pay any sums due under the license, and urged that it ought not to be forfeited. *Held*, that the question to be decided was not whether the license should be declared forfeited, but whether it had already been forfeited by the acts of the parties pursuant to its provisions.

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

4. SAME—AGREEMENT FOR FORFEITURE.
   An agreement that, upon failure of a party to a license to perform his covenant, it may be forfeited by a written notice served on him, is valid, and may be enforced.  *White* v. *Lee*, 3 Fed. Rep. 222, 4 Fed. Rep. 916, and 14 Fed. Rep. 789.

5. SAME—EFFECT OF FORFEITURE.
   When a license is terminated by service of notice in accordance with its provisions, it ceases thereupon to protect the licensee, and a bill against him for infringement will lie.


In Equity.

*Daniel C. Linscott*, for complainants.

*Ira D. Van Duzee*, for respondent.

Heard by COLT and CARPENTER, JJ.

CARPENTER, J.  This is a bill charging infringement of letters patent No. 169,931, granted November 16, 1875, to William F. Ulman, for an improvement in piano-forte pedals.  The respondent admits the validity of the patent, and the infringement, but justifies under a license made to him June 1, 1877, by Jacob Ulman, who was then the owner of the letters patent.  The complainants reply that the license was revoked and canceled August 13, 1880, by William F. Ulman, who was then the owner of the letters patent, in accordance with the provisions of the license, and on account of failure by respondent to perform his covenants contained therein.  This being the state of the controversy, the respondent denies the jurisdiction of the court. He points out that the question whether or not the license has been forfeited is a question arising under the license itself, and not under the patent law, and that this question must be determined for the complainants before it can be determined that he unlawfully infringes the patent; and he claims that this court has no jurisdiction to try that question in a suit for infringement.  We find no authority to support this position.  It is undoubtedly the rule that where there appears to be a subsisting license between the complainant and the respondent, the jurisdiction of the court, under the patent law, will not be extended to cover a suit to enforce the terms of the license, or to forfeit the license, on the ground that the terms thereof have been violated.  *Hartell* v. *Tilghman*, 99 U. S. 547.  But we think that where a suit is brought for infringement, and the existence of a license is alleged by the respondent, and denied by the complainant, it is competent for the court to determine whether, at the time of the filing of the bill, there was a subsisting license between the parties. The court, in *Hartell* v. *Tilghman*, found as a fact that there was a subsisting license, and on that ground dismissed the bill.  The same rule has been followed in other cases.  *Cohn* v. *National Rubber Co.*, 15 O. G. 829; *Kelly* v. *Porter*, 17 Fed. Rep. 519; *White* v. *Lee*, 3 Fed. Rep. 222, 4 Fed. Rep. 916, and 14 Fed. Rep. 789.

We proceed, therefore, to consider whether there was a subsisting license between the parties at the date of the filing of this bill.  The license contains the following provisions:

"*Fourth.* The said E. Wilson & Co. agree to pay said Ulman, his representatives or assigns, 6 per cent., in money, of the amount of sales during the first four years of said term, and $6\frac{2}{3}$ per cent., in money, of the amount of sales during the remainder of said term, such payments to be made on the days the accounts of sales are rendered, to-wit: On the first days of January, April, July, and October in each year, and on the last day of the term; but the said E. Wilson & Co. shall not be required to make any return or payment for the time previous to October 1, 1877." "*Eighth.* Upon a failure of either party to perform any of its engagements here entered into, either party, the representatives or assigns of said Ulman, may terminate this agreement by serving a written notice upon the delinquent, but neither party shall thereby be discharged from any liability it may be under to the other, to the said Forbes, the representatives or assigns of said Ulman or Forbes."

The complainants allege that the respondent failed to comply with the terms of the fourth clause, by neglecting and refusing to pay the royalties due in October, 1879, and in January, April, and July, 1880; and that thereupon the license was terminated by written notice, dated August 13, 1880, and served on the respondent. The respondent admits that he failed to pay the royalties at the times provided, and has never paid them; but he alleges that the reason of such failure was that he was unable to ascertain where the owner of the patent was, and that William F. Ulman, the then owner of the patent, had agreed to call on him for such payment, and that he neglected to do so. Much testimony has been taken on these points. The witnesses are in direct conflict in very many particulars, and the questions in dispute have been very carefully and ingeniously argued by counsel. We shall not detail the evidence offered by the parties on these questions. It is sufficient to say that we do not think the respondent has proved that there was any excuse for his failure to perform his contract. On the contrary, we think the evidence shows that, for reasons which seemed sufficient to him at the time, he deliberately determined not to make the payments required by the license. It is true that he has since offered to pay the sums due, and he strenuously contends that his license ought not to be forfeited for mere neglect to pay money, since he now offers to pay whatever may be due. Undoubtedly his argument would be very strong if this were an action to ascertain and declare a forfeiture. The question, however, which we have to decide is not whether we shall now declare the license forfeited, but whether it has already been forfeited by the acts of the parties, pursuant to the provisions contained therein. The respondent agreed that if he failed to perform his engagements, the license might be forfeited by a written notice served on him. We see no reason why such an agreement may not be made and enforced. *White* v. *Lee, supra.* He has failed to perform his engagements, the notice has been served on him, and we think, on the service of that notice, the license ceased to protect the respondent.

There will be a decree for an injunction and an account as prayed.