SEIBERT CYLINDER OIL-CUP CO. *v.* MANNING and others.

(*Circuit Court, S. D. New York.* November 5, 1887.)

PATENTS FOR INVENTIONS—INFRINGEMENT—CONTRACT.

Two corporations, owning somewhat similar patents, agreed each not to sue the other or its agents, etc., under any letters patent owned by it, so long as the mutual covenants in the agreement were performed by each party. One of these covenants on the part of plaintiff corporation was not to grant licenses for a certain territory, and one on the part of the other corporation was to make monthly returns and payments. Plaintiff corporation sued an agent of the other corporation for infringement, and in the bill, which was in the usual form, set out by way of anticipation that the agent relied upon this agreement, but that it was at an end, having been rescinded for failure of the other corporation to make returns. Defendant interposed a plea to the effect that the contract was still in force, for the reason that plaintiff had granted licenses in the prohibited territory before default of the other corporation. The validity of the patent involved was not questioned, nor its infringement, save as above, denied. *Held*, on counter-motions for preliminary injunction and to dismiss bill, (1) that the circuit court had jurisdiction, the case being an ordinary suit to prevent the violation of a right secured by a patent which the defendant sought to defeat by a collateral agreement; and (2) that the injunction should issue unless defendant give bond to meet any decree against him, and the corporation employing him, which was the real defendant, file a report of sales since the date of its last report under the agreement, and continue to file such a report monthly, as provided for therein.

In Equity. On counter-motions, the one for preliminary injunction, and the other to dismiss bill for want of jurisdiction.

*Edmund Wetmore,* for complainant.

*Francis Forbes* and *Alexander P. Hodges,* for defendants.

WALLACE, J. This suit is brought to restrain the infringement of the complainant's patent for an improvement in lubricators. The bill, besides setting out such facts as are ordinarily alleged, showing title and acts of infringement by the defendants, sets out also, by way of anticipating the defense, that the defendants are selling lubricators manufactured by the Detroit Lubricator Company, which sale constitutes the infringement complained of, and pretend that they have a right to sell the same without suit by or molestation from the complainant, because on or about the first day of December, 1883, the complainant and the

said Detroit Lubricator Company made an agreement in writing wherein
it was covenanted that "so long as the covenants and agreements to be
observed and performed by the parties, respectively, are observed and
performed, each party agrees not to sue, or directly or indirectly author-
ize to be sued, the other party, its agents or vendees, under any of the
letters patent now or hereafter owned by it." The bill further alleges
that the defendants pretend that the said agreement is still in force, and
further alleges that such pretense is unfounded, because the said Detroit
Lubricator Company did not observe and perform certain covenants on
its part in the agreement contained, and the agreement was annulled
and rescinded prior to the commencement of the suit. The defendants
have interposed a plea to the bill, in which they set up the agreement
between the complainant and the Detroit Lubricator Company as a de-
fense to the suit, and aver that said agreement is still in force. The
complainant has moved for a preliminary injunction, and the defendants
have moved to dismiss the bill, upon the ground that the suit is not one
arising under the patent laws, and the bill does not contain the requisite
averments to give the court jurisdiction otherwise.

It is apparent from the affidavits presented upon the motion for an
injunction that the real dispute between the parties is whether the cov-
enant not to sue, contained in the agreement between the complainant
and the Detroit Lubricator Company, is still in force, or whether that
covenant, and one other covenant in the agreement, on the part of the
Detroit Lubricator Company, to make monthly returns and payments
to the complainant for the sale of lubricators, are at an end; the conten-
tion on the part of the defendants being that the Detroit Lubricator Com-
pany was released from its covenant to make returns and pay royalties,
because the complainants had previously violated a condition of the
agreement on its part not to authorize by license the use of its patents
outside of the New England states, and had licensed the Nathan Manu-
facturing Company to use its patent. No issue is made by the pleadings,
nor is any presented by the affidavits respecting the validity of the patent
in suit, the complainants' title thereto, or the acts of infringement by the
defendants. And it is conceded in behalf of the complainant that the
bill cannot be maintained, and that the motion of defendants to dismiss
it on the ground of want of jurisdiction should prevail, unless the con-
troversy made by the bill and plea is one arising under the patent laws.

It is doubtless true that the covenant on the part of the complainant
not to sue is equivalent to a license to the Detroit Lubricator Company
and its vendees to use the patented invention, and protects them as ef-
fectually as an express license, so long as the Detroit Lubricator Com-
pany observes the conditions upon which the covenant is to continue in
force. Nevertheless, the case can be distinguished from *Hartell* v. *Tilgh-
man*, 99 U. S. 547, and other cases decided upon the authority of that
decision, including *Trading Co.* v. *Glaenzer*, 30 Fed. Rep. 387, because
the action is not, in substance, one to prevent the violation of the rights
of a patentee or owner of a patent under a contract of which the patent
is the subject-matter, but is the ordinary action to prevent the violation

of a right secured by a patent which the defendant seeks to defeat by a collateral covenant; and, until the supreme court shall otherwise decide, the doctrine of *Hartell* v. *Tilghman* should not be extended to a case like the present.

It would seem that an action could be maintained on the law side of this court to recover damages for the infringement in question, and, although the defendant should in such an action rely upon the covenant not to sue as the only defense, setting it up in his answer, while admitting every fact averred in the complaint, he could not thus oust the court of jurisdiction. Although the only issue would be whether the covenant was in force, and a bar to the action, the action would nevertheless be one arising under the patent laws of the United States, and the defendant could not oust the court of jurisdiction by any admission he might see fit to make in his pleadings. If this court would have jurisdiction of the action on the law side, it has on the equity side when the relief sought is an injunction, and the facts authorize such relief. Certainly, jurisdiction is not defeated because the complainant alleges, in addition to the ordinary averments entitling him to the relief sought, such facts, by way of anticipation, as are essential to enable him to controvert the facts which the defendant may present by a plea or an answer. In the present case the complainant would not be at liberty to show that the covenant not to sue is not in force, because the Detroit Lubricator Company has not observed some condition in the agreement upon which the covenant is to cease, or at least it is doubtful whether the complainant could do so. Although formerly a complainant by a special replication could put in issue some fact on his part necessary for the evidence of new matter in the defendant's plea or answer, but not alleged in the bill, this is not now permissible. Equity Rule 45. It is needless to say that no facts are properly in issue unless charged in the bill. Story, Eq. Pl. §§ 257, 878.

If this court has no jurisdiction of the controversy, the complainant would seem to be without remedy, because by the decisions of the state court of last resort it is held that in such a case he can and must resort to this court, and that the state courts have no jurisdiction. *Store Service Co.* v. *Clark*, 100 N. Y. 365, 3 N. E. Rep. 335; *Manufacturing Co.* v. *Reinoehl*, 102 N. Y. 167, 6 N. E. Rep. 264.

Upon the facts appearing in the affidavits, the case is one where the motion for an injunction should be granted, unless the defendants execute an undertaking conditioned to secure the complainant for the amount of any decree which may be recovered in the action. As the Detroit Lubricator Company is the real defendant, that corporation must file monthly reports henceforth with the clerk, as provided in the agreement between it and the complainant, and also a report of all lubricators containing the patented invention sold since it ceased to file monthly reports, as a condition of withholding the injunction.