PACIFIC CONTRACTING CO. *v.* SOUTHERN CALIFORNIA BITUMINOUS PAV. CO. *et al.*

*(Circuit Court, N. D. California. November 16, 1891.)*

1. PATENTS FOR INVENTIONS—PATENTABILITY—INVENTION—ASPHALT PAVING.
   Letters patent No. 319,125, issued June 2, 1885, to Judson Rice, Andrew Steiger, and Isaac L. Thurber, covers a "process of working asphaltum," by taking it in its native state, and softening it by the aid of hot water, steam, or superheated steam, and applying it to the use intended while in a plastic state, and then pressing it with a heavy heated iron or roller, until the surface is smooth and compact. *Held,* that this was a patentable invention, consisting in the application of an old process to a new and useful purpose.

2. SAME—PAVING AND ROOFING COMPOUND.
   Letters patent No. 342,853, issued June 1, 1886, to Austin Walrath, covers a "paving, roofing, and building compound" made by heating bituminous sand-rock (found near Santa Cruz, Cal.) by means of steam until it is in a semi-liquid state, spreading it over the surface to be paved or roofed, and then rolling it or smoothing it with heated irons until it becomes firm and hard. *Held* a patentable invention, as it applies known processes to new and useful purposes.

In Equity. Bill by the Pacific Contracting Company against the Southern California Bituminous Paving Company and others, for infringement of patents. Decree for an accounting.

*Garber, Boalt & Bishop* and *M. A. Wheaton,* for complainant.
*Langhorne & Miller,* for respondents.

MORROW, J.    Bill for the infringement of two letters patent,—one numbered 319,125, granted to Judson Rice, Andrew Steiger, and Isaac L. Thurber, on June 2, 1885, entitled "Process of working and using asphaltum;" and the other numbered 342,853, granted to Austin Walrath on June 1, 1886, entitled "Paving, roofing, and building compound." Both patents are owned by the complainant, and it is alleged that the defendants have infringed both of them. The process described in the first patent is as follows:

"To carry out our invention we take the asphaltum in its native state, and soften it, or dissolve it, by the aid of hot water, steam, or superheated steam, and, when dissolved or in a plastic state, to apply it to the uses for which it is intended. We then press it with a heavy iron or rollers, heated for that purpose, but not to a temperature that would burn the material, which gives it a smooth surface, and renders it compact and solid. When the asphaltum is dissolved or softened by our process, clean sand may be added, if desired, to give it the proper consistency; but without the addition of sand or other ingredient we can also use asphaltum by our process for making floor-tiling, by placing the material in molds, and subjecting it to pressure, which gives it a firm, solid form, with a smooth surface, which is susceptible of a fine polish. In our process of working asphaltum we use an ordinary steam-boiler for supplying the hot water, steam, or superheated steam, and a close or open vessel, stirring by hand or by machinery."

The process described in the second patent is as follows:

"To manufacture my paving, roofing, and building compound, I take this bituminous sand-rock, [previously described as a natural product which had been recently discovered near Santa Cruz, California,] and heat it, by means of steam, in a suitable vessel, which may be either open or closed. When sufficiently softened by the steam it will be in a semi-liquid condition, so that it can be spread, by suitable raking implements, in a thin course or layer over the surface to be paved or roofed. I then roll and smooth it down with heated irons until it has become firm, and until the water which it has taken up from the steam and the volatile part of the oil have evaporated, which will leave a firm, hard, but elastic surface, that will wear a great length of time. For building purposes, and for one class of paving, I convert the bituminous sand-rock into bricks or blocks of the desired size. In this case I treat the sand-rock with steam, as above specified, and, in addition, I add some earthy or mineral substance, such as sulphate or carbonate of lime, so as to give it density and body, and then I subject it to pressure in molds, thus forming blocks or bricks, which can be used for paving or building purposes."

The defense is that both of these patents are void for want of invention. It is claimed that the processes they describe are old, as applied to other substances; that from time immemorial substances have been softened by hot water and by the action of steam; and in support of this claim reference is made to familiar culinary operations, such as the boiling of potatoes and other vegetables, and the reduction of animal matter to grease. It is also claimed that all species of asphaltum had been disintegrated by heat applied in various forms, though not in the form of steam or boiling water alone, and the bituminous rock was a mechanical mixture, and could be disintegrated by heat, the heat acting simply to loosen the mechanical bond between the atoms. It does not appear, however, that these simple operations suggested the application of hot

water or steam to the reduction of asphaltum or bituminous rock to a consistency suitable for paving purposes, prior to the invention of the processes described in these two patents, nor does it appear that the application was one that would naturally suggest itself to a person giving the subject consideration. The fact was that the presence of water in the bituminous material during the process of reduction was deemed to be an obstacle to its successful treatment; and the care was at first to expel all the moisture, as its retention was considered dangerous to the work and destructive to the resisting quality of the final product. The uses of water and steam as described in these patents are therefore inventions in the application of processes to new and useful results. As both of these patents have heretofore been sustained by this court, it will not be necessary to add anything further than a reference to the decision of Judge SAWYER in the cases of *Walrath* v. *Paving Co.* and *Rock Co.* v. *Walrath*, 41 Fed. Rep. 883. Decree for complainant, and for an accounting.