### EVERETT v. HAULENBEEK et al.

(Circuit Court, S. D. New York. July 8, 1895.)

1. JURISDICTION OF FEDERAL COURTS—PATENT INFRINGEMENT SUITS—LICENSES.

The federal courts have jurisdiction of a suit for infringement of a patent notwithstanding that a license is set up in defense, so that the question of its existence is involved, and must be tried in trying the question of infringement. Jurisdiction in respect to infringement includes jurisdiction of all questions whether the license covered the infringement.

2. PATENTS—INVENTION.

The discovery of a method of preparing peas by cooking and flattening them while moist without breaking or comminuting them, producing flat disks, while preserving the individuality of the peas, *held* to show invention over the old methods of preparing various grains by cooking and crushing, comminuting, desiccating, or otherwise breaking or dividing them while soft.

3. SAME—PREPARATION OF PEAS.

The Beach patent, No. 215,313, for an improvement in the preparation of peas, by cooking and flattening them while moist, without breaking them, *held* valid and infringed.

This was a bill by William W. Everett against John W. Haulenbeek and others for infringement of a patent for an improved method of preparing peas.

Walter D. Edmonds, for plaintiff.

Nelson Smith, for Peter Haulenbeek.

Clarkson A. Collins, for John Haulenbeek and William Mitchell.

WHEELER, District Judge. The plaintiff, a citizen of Missouri, brings this suit against the defendants John W. Haulenbeek and William L. Mitchell, as principals, and Peter Haulenbeek, as aider and abettor under a pretended license, citizens of New York, for

infringement of patent No. 215,313, dated May 13, 1879, and granted to Henry H. Beach, for an improvement in preparation of peas by cooking them in hot vapor, and flattening them while moist, without breaking or comminuting them, thus changing their shape from globular to that of flat disks, and preserving their individuality. The claim is for, as a new article of manufacture, cooked and flattened peas, as set forth. The defendant Peter Haulenbeek sets up a license by plea supported by answer. The defendants John W. Haulenbeek and Mitchell set up by answer anticipations, with two years' prior use, and deny the validity of the patent; and admit making and selling steamed and flattened peas substantially the same as those described and claimed in the patent. Both answers are traversed.

Question is made whether this court has jurisdiction touching the license; but the suit is not brought upon the license, nor against it, but for infringement; and when the license is set up as an answer to allegations of infringement the existence of the license is involved, and must be tried in trying the question of infringement. Hammacher v. Wilson, 26 Fed. 241. More clearly, jurisdiction of a question of infringement must include all questions whether the license covers the infringement. This license was personal, for practicing the invention within prescribed territory, and required a monthly account, with payment of royalties. This would not seem to carry any right to aid and abet others in practicing the invention. The testimony of Peter Haulenbeek exhibits a desire to show that John W. Haulenbeek, with Mitchell as partner, practiced it for him, under this license; but the form of defense, the circumstances, and Mitchell's testimony, are opposed to this view, and John W. has not testified. Upon the whole, their infringement seems to have been done in their own behalf, independently of, and not for, Peter. In trespasses all who are guilty are principals, and those who do not so far participate as to be principals are not guilty; and Peter Haulenbeek does not appear, on all the evidence, to have so far had a part in what John W. and Mitchell did as to be liable for it. The bill must therefore be dismissed as to him, but, in consideration of his attitude, without costs.

The question remaining as to the other defendants, as made by their answer, is solely as to the validity of the patent. That the cooking, or partial cooking, of various grains, and crushing, comminuting, desiccating, or otherwise breaking or dividing them, while in a soft state, were old and well-known processes, many of them patented, and all of them in use at the time of this invention, is amply shown by the evidence. None of these methods merely flattened the kernels, but all included some form of breaking them. The patent distinguishes this invention from all of those things by providing for flattening and preserving individuality without any breaking. The two-years prior use rests substantially upon the same things. The want of patentable novelty, as illustrated in Glue Co. v. Upton, 97 U. S. 3, is strongly urged in behalf of these defendants. The substance of a pea is said to be, and is, the same, whether left round or made flat. The change is of form, merely,

and the patent is solely for this change of form after cooking. In that case Mr. Justice Field, in delivering the opinion of the court, after stating the substance of the specification, said:

"It thus appears that the invention claimed is not any new combination of ingredients, creating a different product, or any new mechanical means by which a desirable change in the form of a common article of commerce is obtained, but it consists only of the ordinary flake glue reduced to small particles by mechanical division."

This invention is not applicable to, not useful for, single peas, but to masses of peas, of varying diameters, reducing them to uniform thickness for evenness in drying or roasting. The patent covers such a desirable and useful change of form, which is more than a mere reduction in size. If any part of the invention is in the process of cooking the peas first, so that they can be flattened to uniform thickness without breaking, and then flattening them, the process so inheres in the product, like that in Smith v. Vulcanite Co., 93 U. S. 486, as to make the product of the process patentable. Upon these considerations the patent seems to be valid, and the plaintiff to be entitled to a decree against those infringing it. Let a decree be entered for the plaintiff against John W. Haulenbeek and Mitchell for an injunction and an account, with costs; and dismissing the bill as to Peter Haulenbeek, without costs.