MORROW, District Judge.
The bill in this case is in the usual form, for an infringement of letters patent No. 319,125, granted to Judson Rice, Andrew Steiger, and Isaac L. Thurber, and which were assigned and are now held by the present complainant. The validity of the invention covered by the letters patent has been adjudged heretofore. Pacific Contracting Co. v. Southern California Bituminous Pav. Co., 48 Fed. 300; Contracting Co. v. Bingham, 62 Fed. 281. The invention is described in the letters patent as a “process of working and using asphaltum,” and consists, generally speaking, in reducing asphaltum to a plastic condition by the application thereto of hot water or steam, without mixing it with coal tar or any other deleterious substance, and then pressing it under heated rollers or other heated irons. An order to show cause why a preliminary injunction should not be granted was issued on June 6,. 1896, and meanwhile a restraining order was granted. The defendants have filed their several answers, to which the complainant has filed its replications, and the case now comes up on the order to show cause. The complainant and the defendants are all citizens of the state of California. The Southern California Bituminous Paving Company, by its answer and affidavits, pleads the right, by a license' from the complainant, to use the invention involved in this case; the-Union Paving & Contracting Company denies that the process described in the bill is the process covered by the patent; and the three-other’ defendants, officers of the two defendant corporations, deny that they infringed.
It is objected, on the order to show cause, that the court has no jurisdiction of the case, in view of the fact that the rights of the Southern California Bituminous Paving Company to use the inven *738 tion under its alleged license are involved. This is substantially the only question involved in this proceeding. The general rule is that, where there appears to be a subsisting license between the complainant and the defendant, the jurisdiction of the court, under the patent law, will not be extended to cover a suit to enforce the terms of the license, or to forfeit the license, on the ground that the terms thereof have been violated. Hartell v. Tilghman, 99 U. S. 547; Albright v. Teas, 106 U. S. 618, 1 Sup. Ct. 550; Manufacturing Co. v. Hyatt, 125 U. S. 46, 8 Sup. Ct. 756; Marsh v. Nichols, Shepard & Co., 140 U. S. 344, 11 Sup. Ct. 798; Wade v. Lawder, 165 U. S. 624, 17 Sup. Ct. 425. But, on the oilier hand, it is also well settled that where a suit is brought for infringement, and the existence of a license is alleged by the respondent and denied by the complainant, it is competent for the court to determine whether, at the time of the filing of the bill, there was a subsisting license between the parties. The determination of this fact is, obviously, necessary in order to ascertain whether or not the court has jurisdiction of the suit for an infringement. White v. Rankin, 144 U. S. 628, 12 Sup. Ct. 768; Hammacher v. Wilson, 26 Fed. 239; Oil-Cup Co. v. Manning, 32 Fed. 625. In other words, the claim by a defendant that he has been using an invention under a license is a defense to the charge of infringement, showing the lawful right to use the invention alleged to have been infringed, and if supported by the facts is a ground for the dismissal of the bill. From the averments of the affidavits it is apparent that the Southern California Bituminous Paving Company held at one time a license from the complainant covering the use of the invention alleged to have been infringed, but I am unable to determine whether or not this license existed at the time the bill was filed; that is, whether or not it had been revoked, upon due notice given by the complainant, for good cause, according to the terms of the license. Until this fact is finally determined, the court has jurisdiction of the suit; for, as stated in White v. Rankin, supra, “the subject-matter of the action, as set forth in the bill, gave the court jurisdiction, and exclusive jurisdiction, to try it.”
The determination of this question will conclude, equally with the Southern California Bituminous Paving Company, the other defendant corporation, the Union Paving & Contracting Company; for the affidavits presented by the latter 'tend to show that, under some contractual arrangement with the Southern California Bituminous Paving Company, it had employed that company to do certain paving work, and thereby had had the use of the invention alleged to have been infringed. The other three defendants being officers of the two defendant corporations, no further question arises with respect to them. Meanwhile, no such case is presented by the affidavits filed on behalf of the defendants, in view of the counter allegations contained in the affidavits for the complainant, as would justify the court, at this stage of the case, in dissolving the restraining order, or In refusing the application for a preliminary injunction.
The case will be referred to the master to ascertain (1) whether the license between the complainant and the defendant the South *739 -rn California Bituminous Paving Company was still subsisting when the acts of infringement complained of are alleged to have occurred; (2) if no such license was then subsisting, whether the acts of infringement complained of took place, and to what extent the complainant has been damaged. The complainant gave a bond in the sum of $2,500 upon the issuance of the restraining order. This sum would seem sufficient to protect the defendants until the further determination of the case. The application for a preliminary injunction will be granted upon the complainant giving a bond in the sum of $2,500, and it is so ordered.